IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

LINDA MOLINA fka LINDA      )    CIVIL NO. 10-00403 LEK-RLP
PACHECO, JOHN ANIU and      )
DAVELYN ANIU,               )
                            )
        Plaintiffs,         )
                            )
    vs.                     )
                            )
ONEWEST BANK, FSH; HOME LOAN )
CENTER, INC., DBA LENDINGTREE )
LOANS; and DOES 1 through 10 )
inclusive,                  )
                            )
        Defendants.         )
_____ )

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 3 0 2012

at 7 o'clock and 52 min. P.M. Dago
SUE BEITIA, CLERK

**ORDER DENYING PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIM
COMPLAINT [DKT. NO. 48]; GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT RE: COMPLAINT [DKT. NO. 50]; AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
ON ITS COUNTERCLAIM FOR FORECLOSURE
AND FOR INTERLOCUTORY DECREE OF FORECLOSURE [DKT. NO. 56]**

Before the Court are the following three motions: (1)

Plaintiffs Davelyn Aniu, John Aniu, and Linda Molina formerly

known as Linda Pacheco's (collectively "Plaintiffs") Motion to

Dismiss Counterclaim Complaint, filed April 13, 2012 ("Motion to

Dismiss") [dkt. no. 48]; (2) Defendant OneWest Bank, FSB's

("Defendant" or "OneWest") Motion for Summary Judgment Re:

Complaint, filed April 20, 2012 ("Motion for Summary Judgment on

Complaint") [dkt. no. 50]; and (3) Defendant's Motion for Summary

Judgment on Its Counterclaim for Foreclosure and for

Interlocutory Decree of Foreclosure, filed April 20, 2012

("Motion for Summary Judgment on Foreclosure") [dkt. no. 56]. On

May 15, 2012, OneWest filed its memorandum in opposition to Plaintiffs' Motion to Dismiss, and on July 31, 2012, Plaintiffs filed their consolidated memorandum in opposition to both of OneWest's motions. OneWest filed its reply in support of both of its motions on August 8, 2012.

The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the motions, supporting and opposing memoranda, and the relevant legal authority, the Court rules as follows: Plaintiffs' Motion to Dismiss is DENIED; Defendant's Motion for Summary Judgment on Complaint is GRANTED; and Defendant's Motion for Summary Judgment on Foreclosure is GRANTED for the reasons set forth below.

## BACKGROUND

## I.    Factual Background

Plaintiffs filed the instant action on July 16, 2010 against OneWest and Home Loan Center, Inc., doing business as Lending Tree Loans ("Home Loan," both collectively, "Defendants").[1] Plaintiffs allege that Defendants violated, inter alia, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., Haw. Rev. Stat. § 480-2, and the Real Estate Settlement

---

[1] Home Loan was not served and was voluntarily dismissed from the case on November 15, 2010. [Dkt. no. 14.]

2

Procedures Act ("RESPA"), 12 U.S.C. § 1679 et seq. Plaintiffs seek to enjoin Defendants "from foreclosing and conducting a foreclosure auction sale[,]" of Plaintiffs' residence. [Complaint at ¶¶ 2, 4-6.] On March 23, 2012, OneWest filed a Counterclaim for Foreclosure ("Counterclaim Complaint") against Plaintiffs.

Plaintiffs are the record owners of the subject property located at 15-337 North Puni Makai Loop, Pahoa, Hawai'i, 96778, designated as TMK (3) 1-5-066-028-0000 (the "Property").[2] Plaintiffs John and Davelyn Aniu ("Borrowers") executed and delivered a promissory note ("Note")[3] in the amount of $266,500.00 on July 18, 2007 to Home Loan. [Counterclaim Complaint at ¶¶ 2-3.] The Counterclaim Complaint alleges that OneWest is the current holder of the Note. The Note is secured by a mortgage dated July 18, 2007 ("Mortgage") executed by Borrowers and Ms. Molina, as mortgagors, in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Home Loan. The Note secured by the Mortgage was recorded on August 23, 2007 in the Bureau of Conveyances, State of Hawai'i

---

[2] The legal description of the Property is attached to the Counterclaim Complaint as Exhibit A.

[3] The Note is attached to the Counterclaim Complaint as Exhibit B.

("Bureau") Document No. 2007-151179.[4]  The Mortgage was assigned by MERS, as nominee for Home Loan, to OneWest pursuant to an assignment of Mortgage ("Assignment") recorded on December 21, 2009, in the Bureau as Document No. 2009-193349.[5]  [Id. at ¶¶ 4-6.]

OneWest alleges that it is entitled to enforce the Mortgage, and that Plaintiffs are in default as of September 1, 2008.  It states that, as a result of the default, the entire amount of the principle obligation of the Note and Mortgage is due and payable.  OneWest alleges that, although demand has been made, the Plaintiffs have failed to pay.  On July 1, 2009, OneWest sent letters to Plaintiffs advising them of their default under the Note and Mortgage, and providing thirty days to cure. OneWest advised Plaintiffs that failure to cure the default within thirty days may result in the noteholder's option to accelerate the total balance outstanding, and advised them of the right to reinstate after acceleration ("Notices of Acceleration").[6]  OneWest alleges that it is currently entitled

---

[4] The recorded Mortgage is attached to the Counterclaim Complaint as Exhibit C.

[5] The recorded Assignment is attached to the Counterclaim Complaint as Exhibit D.

[6] The Notices of Acceleration are attached to the Complaint as Exhibit E.

to foreclose and sell the Property in accordance with the terms of the Mortgage. [Id. at ¶¶ 7-10.]

## II. **Plaintiff's Motion to Dismiss**

### A. **Motion**

Plaintiffs assert that under Haw. Rev. Stat. Chapter 667, OneWest must initiate a civil action for foreclosure by filing in the Third Circuit Court, State of Hawai`i, where the Property is situated. [Mem. in Supp. of Motion to Dismiss at 2-3.] Plaintiffs further allege that OneWest is attempting to bring its "'State' foreclosure action" before this Court by refusing to agree to stipulate to Plaintiffs' voluntary dismissal of their federal action.[7] On January 3, 2012, Plaintiffs' counsel forwarded an email correspondence to OneWest and attached a Stipulation for Dismissal Without Prejudice of all Claims and Parties ("Stipulation to Dismiss"), dismissing the federal court civil action in Civ. No. 10-00403. [Id. at 3-4.] Plaintiffs assert that, on January 6, 2012, Plaintiffs attended a status conference with the Court and informed the Court that the Stipulation to Dismiss was provided to OneWest, and would be filed with the Court upon execution by counsel for OneWest. [Id.

---

[7] Attached as Exhibit 1 to the Declaration of Dexter K. Kaiama ("Kaiama Decl.") is a copy of the Declaration of Counsel in Opposition to OneWest's Ex Parte Motion to Extend Time to File Dispositive Motions, filed on February 17, 2012. [Kaiama Decl. at ¶ 2.] Attached as Exhibit A to the Kaiama Declaration is a Stipulation for Dismissal Without Prejudice filed on February 17, 2012.

at 4 (citing Exh. 1).] Plaintiffs allege that OneWest's counsel would not agree to execute the Stipulation to Dismiss unless all the claims were dismissed with prejudice. [Id.] To date, the Stipulation to Dismiss has not been executed by OneWest. [Id. at 4.] Plaintiffs request this Court grant the Motion to Dismiss and order OneWest's execution of the Stipulation to Dismiss. [Id.]

### B.    OneWest's Memorandum in Opposition

OneWest argues that the Court does have subject matter jurisdiction over the claims at issue, and faults Plaintiffs for refusing to dismiss the claims with prejudice as a further stalling tactic. It argues that the Court has diversity jurisdiction over Plaintiffs' Complaint and has supplemental jurisdiction over the state law claims in its Counterclaim Complaint pursuant to 28 U.S.C. § 1367. [Mem. in Opp. to Motion to Dismiss at 6.]

## III. OneWest's Motion for Summary Judgment of Complaint

OneWest moves for summary judgment on all of the claims in Plaintiffs' Complaint. It states that it has possession of the indorsed Note and is the current mortgagee under the Mortgage. The Mortgage was assigned by MERS, as nominee for Home Loan, to OneWest in the recorded Assignment. [Mem. in Supp. of Motion for Summary Judgment on Complaint at 4.]

## A.   **TILA Claims**

OneWest first argues that Plaintiffs' First, Second, and Eleventh counts for, recoupment, and rescission under TILA, and for equitable tolling, fail as a matter of law.  It argues that the claims for damages are time-barred because the loan transaction and alleged violation occurred on July 18, 2007, when the Note was executed by Borrowers and the Mortgage was executed by all Plaintiffs.  Plaintiffs' Complaint was filed on July 16, 2010, beyond the one-year limitations period in TILA § 1640(e).  It argues that equitable tolling does not apply because Plaintiffs have not actively pursued judicial remedies and were not induced or tricked into allowing the filing deadline to pass.  It next argues that, even if the TILA claims are not time-barred, they fail against OneWest as assignee of the loan.  [_Id._ at 7-8.]

As for recoupment, OneWest argues that Plaintiffs are barred from bringing an affirmative recoupment claim, which is only available as a defense in an action to collect a debt.  With respect to rescission, OneWest asserts that Plaintiffs' claims are time-barred.  It maintains that, because Plaintiffs signed, dated, and acknowledged receipt of all required notices on July 18, 2007, there is a rebuttable presumption that they received these disclosures, and that Plaintiffs present no evidence to overcome the presumption.  OneWest further argues that Plaintiffs have not alleged an intent or ability to

effectuate rescission; that is, Plaintiffs have provided no evidence of their ability to tender the borrowed funds back to the lender. [Id. at 12-13.]

## B. RESPA Claims

Next, OneWest argues that Plaintiffs' Third cause of action fails as a matter of law because it is time-barred and without merit. According to OneWest, the only basis the claimed RESPA violation is that "MOLINA did not receive a signed and dated Good Faith Estimate 'GFE', as required by law." [Id. at 13 (quoting Complaint ¶ 45).] OneWest notes that RESPA does not provide for a private right of action when a defendant fails to provide a good faith estimate. It also asserts that 24 C.F.R. § 3500.7(b) requires only that a good faith estimate be provided, but does not require that it be signed and dated by the applicant. [Id. at 13-14.]

## C. Haw. Rev. Stat. Chapter 480 Claims

OneWest moves for summary judgment on Plaintiffs' Chapter 480 claims on the grounds that they are vague, conclusory, and unsupported by facts. First, it argues that Plaintiffs' only remedy against OneWest would be rescission, and as discussed above, Plaintiffs have not alleged an intent or ability to effectuate a rescission. Second, it argues that Plaintiffs cannot show that OneWest targeted them for inappropriate credit products because OneWest, as assignee, was

not involved in the origination of the loan, and OneWest did not exist until March 19, 2009; nor could OneWest have made any oral representations involving the loan.  It also argues that it has no duty of care to the Borrowers to ensure that they can repay the loan.  [<u>Id.</u> at 15-20.]

### D. <u>Fraud</u>

As to Plaintiffs' Fifth cause of action for fraud, OneWest argues that any allegations of false representations made during the origination of the loan fails against it because it was not a party to the documents, nor did it exist during that time period in 2007.  OneWest argues that it could not have made any representations, false or otherwise, to induce Plaintiffs to enter into the Note and Mortgage.  It further argues that it did not have knowledge of the alleged fraud on the part of Home Loan during origination because all of the required documents were properly executed and provided to Plaintiffs.  Last, it states that the fraud allegations are not plead with the particularity required by Fed. R. Civ. P. 9(b).  [<u>Id.</u> at 21-22.]

### E. <u>Conspiracy</u>

According to OneWest, Plaintiffs' Sixth cause of action for conspiracy fails as a mater of law because it cannot stand alone as a separate action, but must be the basis for another claim.  Here, Plaintiffs appear to allege that their conspiracy

claim is based on fraud, which OneWest argues fails as a matter of law. [Id. at 23.]

F. **Aiding and Abetting**

OneWest next argues that Plaintiffs' Seventh cause of action for aiding and abetting fails as a matter of law because the Complaint provides no factual support and simply states a legal conclusion. To the extent the claim is based on their fraud allegation in the Fifth cause of action, OneWest argues that the claim fails along with the fraud claim. [Id. at 24.]

G. **Injunctive Relief**

Plaintiffs' Eighth cause of action seeks injunctive relief to prohibit a non-judicial foreclosure sale of the Property. OneWest argues that it is entitled to summary judgment because: injunctive relief is a remedy, not an affirmative claim; it is an equitable remedy, requiring the seeking party to do equity itself; and OneWest is the current holder of the Note and Mortgage, and therefore has standing to foreclose on the Property due to Borrowers' default on the Note. [Id. at 25-26.]

H. **Securitization Claims**

OneWest argues that Plaintiffs' Ninth and Tenth causes of action relating to improper securitization are unintelligible and not supported by facts or evidence. [Id. at 26-28.]

## IV.  **OneWest's Motion for Summary Judgment of Foreclosure**

OneWest also seeks summary judgment on its Counterclaim Complaint, and seeks an interlocutory decree of foreclosure.  It emphasizes the following facts: (1) Home Loan made the loan to Borrowers; (2) Borrowers executed and delivered the Note to Home Loan; (3) as security for the loan, Plaintiffs executed and delivered to MERS the Mortgage; (4) the Mortgage was assigned to OneWest; (5) Plaintiffs are in default under the Note and Mortgage and no payments have been made since September 1, 2008; (6) OneWest provided Plaintiffs thirty days to cure the default and warned them of the possible of acceleration of the entire amount due, but no payments were made after the Notices of Acceleration were sent; and (7) OneWest is the current holder of the Note with standing to prosecute a foreclosure action, and in possession of the original Note indorsed in blank.  [Mem. in Supp. of Motion for Summary Judgment on Counterclaim Complaint, Decl. of Katelin Mann ("Mann Decl.") at ¶¶ 6-9, Exh. A (Mortgage), Exh. B (Notices of Acceleration).]

As of May 4, 2012, the total amount due under the Note and Mortgage, excluding attorneys' fees, was $311,622.91.  [Mann Decl., Exh. C (Payoff Calculations).]  The Mortgage provides that, in the event of foreclosure, OneWest may be awarded sums secured by the Mortgage, including reasonable attorneys' fees. OneWest states that it engaged The Law Office of David B. Rosen,

ALC for the purpose of bringing this action, and that it is entitled to its fees.  It asserts that, due to Borrowers' default on the Note, and because it holds the Note and Mortgage, there is no genuine issue of material fact disputing OneWest's right to foreclose on the Property.  [Mem. in Supp. of Motion for Summary Judgment on Counterclaim Complaint at 5-7.]

## V.  **Plaintiffs' Consolidated Memorandum in Opposition**

Plaintiffs first argue that the voluntary dismissal of their Complaint should result in the dismissal of OneWest's Counterclaim Complaint.  They state that OneWest "is capitalizing on its refusal to enter into a stipulation for voluntary dismissal (without prejudice) as a means to by-pass the statutory authority conferring jurisdiction upon the Circuit Courts of the State of Hawai'i."  [Mem. in Opp. to OneWest's Motions at 3.]  It again argues that Haw. Rev. Stat. § 667-1 authorizes foreclosure actions only in Hawai'i State circuit courts.  [Id. at 4.]

Next, Plaintiffs assert that their request for loan modification is still pending with OneWest.  By correspondence dated June 6, 2012, a division of OneWest acknowledged receipt of Plaintiffs' request and informed them that certain information was missing.  Plaintiffs contend they have submitted additional information and continue to work on getting approval of their modification request.  [Id. at 6.]

## VI. **OneWest's Consolidated Reply**

In its reply, OneWest first argues that Plaintiffs' allegations regarding their voluntary dismissal of claims are not relevant. Its cites the magistrate judge's order indicating that Plaintiffs have not moved the Court for an order allowing dismissal pursuant to Fed. R. Civ. P 41(a)(2), but that they should so move if they desired a voluntary dismissal. [Reply at 2-3 (citing Order Granting Defendant OneWest Bank, FSB's Ex Parte Motion to Extend Time to File Dispositive Motions, filed 2/2/12 (dkt. no. 44)).] OneWest asserts that it never agreed to a dismissal without prejudice, and informed Plaintiffs' counsel that any dismissal must be with prejudice. [Id. at 3.]

As to Plaintiffs' request for loan modification, OneWest states that it worked with Plaintiffs and the Court for over two years, but that Plaintiffs "repeatedly delayed and ultimately did not provide the required modification application materials. Thus, Plaintiffs were denied a modification[.]" [Id. at 6 (citing Declaration of David B. Rosen ("Rosen Decl.), Exh. A (3/1/12 Modification Denial Letter).] OneWest states that it has no duty to modify the subject loan, and that failure to grant a modification is not actionable. [Id.]

OneWest notes that Plaintiffs' opposition is largely silent with regard to OneWest's Motion for Summary Judgment on Plaintiffs' Complaint. It states that Plaintiffs do not dispute

that they are in default under the Note and Mortgage, nor do they address "the entire substance of the Motion Re: Complaint regarding *all eleven counts* contained in the Complaint." [Id. at 5.] OneWest requests that its motions be granted as unopposed.

## DISCUSSION

## I. Plaintiffs' Motion to Dismiss

Plaintiffs argue that the Court is without subject matter jurisdiction to hear OneWest's Counterclaim Complaint. The Court has original jurisdiction over Plaintiffs' Complaint on the basis of federal question and diversity jurisdiction. The Court has jurisdiction over OneWest's Counterclaim Complaint under 28 U.S.C. § 1367, which states in pertinent part:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

Here, the Complaint seeks to enjoin OneWest from foreclosing and conducting a foreclosure auction sale of the Property. [Complaint ¶ 6.] The Counterclaim Complaint involves the same parties, the same Property, and the overlapping question as to OneWest's right to foreclose on the Property.

Moreover, Plaintiffs' assertion that the Counterclaim Complaint may only be heard in state circuit court is without merit. This district court has previously exercised supplemental jurisdiction under 28 U.S.C. § 1367 to hear counterclaims brought by a defendant mortgagee for foreclosure under Haw. Rev. Stat. § 667-1. In McCarty v. GCP Management, LLC, Civil No. 10-00133 JMS/KSC, 2010 WL 4812763 (D. Hawai'i Nov. 17, 2010), the plaintiffs filed suit in state court and defendants removed the action to federal court and asserted a counterclaim for foreclosure. The district court granted the defendant mortgagee's motion for summary judgment, ruling that the defendant was entitled to issuance of a decree of foreclosure. 2010 WL 4812763, at *8 (citing Indymac Bank v. Miguel, 117 Haw. 506, 520, 184 P.3d 821, 835 (Haw. App. 2008), and Haw. Rev. Stat. § 667-1); see also BNP Paribas VPG Brookline CRE, LLC v. White Sands Estates, LLC, Civil No. 09-00191 JMS-BMK, 2012 WL 984890, at *3 (D. Hawai'i Mar. 22, 2012) (same).

Plaintiff's Motion to Dismiss is HEREBY DENIED.

## II. OneWest's Motion for Summary Judgment on Complaint

Pursuant to Fed. R. Civ. P. 56(a), a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." OneWest argues that it has met its burden on summary judgment as to each of the claims in

15

Plaintiffs' Complaint, and notes that Plaintiffs failed to
substantively address these claims, therefore, the motion is
unopposed.  The Court agrees, finding that there are no genuine
issues of material fact, and addresses each of the claims in
turn.

### A.    Count I - TILA Claims for Rescission and Recoupment

To the extent Count I seeks recoupment, it fails to
state an affirmative claim.

> [R]ecoupment is only available under TILA as a
> "defense" in "an action to collect a debt", 15
> U.S.C. § 1640(e), and a non-judicial foreclosure
> is not "an action to collect a debt".  Rey v.
> Countrywide Home Loans, Inc., Civil No. 11-00142
> JMS/KSC, 2011 WL 2160679, at *13 (D. Hawai'i June
> 1, 2011).  To the extent that Count XIV is based
> on equitable recoupment, that is a defense, not an
> affirmative claim for relief.  Id. (citing City of
> Saint Paul, Alaska v. Evans, 344 F.3d 1029, 1034
> (9th Cir. 2003) ("[E]quitable recoupment has been
> allowed by state courts as well, but it has always
> been recognized as a defense, not a claim.")).

Enriquez v. Countrywide Home Loans, FSB, 814 F. Supp. 2d 1042,
1069 (D. Hawai'i 2011).

With respect to rescission, Plaintiffs' claims are
time-barred.

> Section 1635(a), TILA's so-called buyer's
> remorse provision, gives borrowers three business
> days to rescind the loan agreement without
> penalty.  15 U.S.C. § 1635(a); Semar v. Platte
> Valley Fed. Sav. & Loan Ass'n, 791 F.2d 699, 701
> (9th Cir. 1986) (citing 15 U.S.C. § 1635(a)).  To
> invoke this provision, the loan must be a consumer
> loan using the borrower's principal dwelling as
> security.  15 U.S.C. § 1635(a).  If the lender
> fails to deliver certain forms or disclose

important terms accurately, Section 1635(f) gives the borrower the right to rescind until "three years after the consummation of the transaction or . . . the sale of the property, whichever occurs first."  15 U.S.C. § 1635(f); see also King v. California, 784 F.2d 910, 913 (9th Cir. 1986).

Gamiao v. Bank of Am., CV. No. 10-00311 DAE KSC, 2011 WL 839757, at *4 (D. Hawai'i Mar. 4, 2011).  Here, the three-day right of rescission applies because Plaintiffs have not established a TILA violation; the notices and material disclosures were provided and Plaintiffs acknowledged receiving them.  [Boyle Decl., Exhs. C-E (7/18/07 Notices of Right to Cancel).]  Plaintiffs presented no evidence to the contrary.

Additionally, equitable tolling does not apply to rescission under TILA.  Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412, 118 S. Ct. 1408, 140 L. Ed. 2d 566 (1998) (holding that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period"); see also Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (citing Beach and holding that "§ 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period"); King, 784 F.2d at 913 (characterizing Section 1635(f) as a "three-year absolute limitation" on Section 1635 rescission actions).

Gamiao, 2011 WL 839757, at *5.  OneWest is entitled to summary judgment on Count I.

**B.    Count II - TILA Claims for Damages**

TILA authorizes civil liability in the form of actual damages, statutory damages, costs, and attorneys' fees.  15 U.S.C. § 1640.  Pursuant to § 1640(e), there is a one-year

statute of limitations for civil liability claims under TILA. Id. § 1640(e). The limitations period generally runs from the date of consummation of the transaction. King, 784 F.2d at 915. Plaintiffs' Complaint was filed on July 16, 2010, and the loan transaction occurred on July 18, 2007, beyond the one-year limitations period in TILA § 1640(e).

The Ninth Circuit in King stated:

> [T]he doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action. Therefore, as a general rule, the limitations period starts at the consummation of the transaction. The district courts, however, can evaluate specific claims of fraudulent concealment and equitable tolling to determine if the general rule would be unjust or frustrate the purpose of the Act and adjust the limitations period accordingly.

784 F.2d at 915. Where the basis of equitable tolling is fraudulent concealment, the basis for tolling must be pled with particularity pursuant to Fed. R. Civ. P. 9(b). Phillips v. Bank of Am., Civil No. 10-00551 JMS-KSC, 2011 WL 240813, at *7 (D. Hawaiʻi Jan. 21, 2011) (citing 389 Orange St. Partners v. Arnold, 179 F.3d 656, 662 (9th Cir. 1999)). Further, a plaintiff cannot merely rely on the same factual allegations that would establish the statutory violation to invoke equitable tolling. Hoilien v. Bank of Am., Civil No. 10-00760 JMS/BMK, 2011 WL 2518731, at *6 (D. Hawaiʻi June 23, 2011) (citing Garcia v. Wachovia Mortg. Corp., 676 F. Supp. 2d 895, 906 (C.D. Cal. 2009) ("[T]he mere existence of TILA violations and lack of disclosure does not itself equitably toll the statute of limitations."); Jacob v. Aurora Loan Servs., 2010 WL 2673128, at *3 (N.D. Cal. July 2, 2010) ("Plaintiff cannot rely on the

same factual allegations to show that Defendants violated federal statutes and to toll the limitations periods that apply to those statutes. Otherwise, equitable tolling would apply in every case where a plaintiff alleges violations of TILA . . . and the statutes of limitations would be meaningless.")).

Tedder v. Deutsche Bank Nat'l Trust Co., Civil No. 11-00083 LEK-KSC, 2012 WL 1028125, at *13 (D. Hawai'i Mar. 23, 2012). Plaintiffs present no evidence to support a claim for equitable tolling. Rather, on July 18, 2007, Plaintiffs signed, dated and acknowledged receipt of two such notices. [Decl. of Charles Boyle ("Boyle Decl."), Exhs. C-E (7/18/07 Notices of Right to Cancel).] OneWest is entitled to summary judgment on Count II.

## C. **Count III - RESPA**

There is no private right of action for alleged RESPA violations. This district court has recognized that:

> Any possible claims for violations of 12 U.S.C. §§ 2603 or 2604 for failing to provide a "good faith estimate" or "uniform settlement statement" necessarily fail because there is no private cause of action for a violation of those sections. See Martinez v. Wells Fargo Home Mortg., Inc., 598 F.3d 549, 557 (9th Cir. 2010). Failure to provide a Special Information booklet on settlement costs at the time of closing is not a viable private cause of action under RESPA. See Martinez, 598 F.3d at 557-58 (refusing to allow a private cause of action under 12 U.S.C. § 2603, in connection with allegations that HUD-1 settlement statements were not accurately disclosed).

Caniadido v. Countrywide Bank, FSB, Civil No. 11-00080 SOM/BMK, 2011 WL 2470640, at *8 (D. Hawai'i June 20, 2011). Accordingly,

Plaintiffs fail to state a claim in Count III, and OneWest is
entitled to summary judgment.

D. **Count IV - Chapter 480**

Plaintiffs' claims for violation of Haw. Rev. Stat.
Chapter 480 are vague and conclusory, and fail to state a claim
against OneWest. Section 480-2(a) states: "Unfair methods of
competition and unfair or deceptive acts or practices in the
conduct of any trade or commerce are unlawful." Section 481A-
3(a) sets forth various forms of deceptive trade practices. This
district court has recognized with respect to nearly identical
claims that:

> "lenders generally owe no duty to a borrower 'not
> to place borrowers in a loan even where there was
> a foreseeable risk borrowers would be unable to
> repay.'" McCarty v. GCP Mgmt., LLC, 2010 WL
> 4812763, at *6 (D. Haw. Nov. 17, 2010) (quoting
> Champlaie v. BAC Home Loans Servicing, LP, 706 F.
> Supp. 2d 1029, 1061 (E.D. Cal. 2009)). See also
> Sheets v. DHI Mortg. Co., 2009 WL 2171085, at *4
> (E.D. Cal. July 20, 2009) (reasoning that no duty
> exists "for a lender 'to determine the borrower's
> ability to repay the loan. . . . The lender's
> efforts to determine the creditworthiness and
> ability to repay by a borrower are for the
> lender's protection, not the borrower's.'"
> (quoting Renteria v. United States, 452 F. Supp.
> 2d 910, 922-23 (D. Ariz. 2006)).

> "[A]s a general rule, a financial institution
> owes no duty of care to a borrower when the
> institution's involvement in the loan transaction
> does not exceed the scope of its conventional role
> as a mere lender of money." Nymark v. Heart Fed.
> Sav. & Loan Ass'n, 283 Cal. Rptr. 53, 56 (Cal. Ct.
> App. 1991). Nothing in the Complaint indicates
> that any Defendant "exceed[ed] the scope of [a]

20

conventional role as a mere lender of money."  The
claims fail on that basis alone.

Casino v. Bank of Am., Civil No. 10-00728 SOM/BMK, 2011 WL

1704100, at *12-13 (D. Hawai`i May 4, 2011).

OneWest was not the original lender, and Plaintiffs

fail to establish that it breached any duty to them, or that it

made any misrepresentations that amount to violations of  Haw.

Rev. Stat. Chapter 480.  OneWest is entitled to summary judgment

on Count IV.

E.  **Count V - Fraud**

Plaintiffs assert that, prior to closing, Home Loan

made false representations about the terms of loans and

documents.  They further allege that Home Loan: knew the

representations were false or that it lacked knowledge of their

truth or falsity; and made the false representations in

contemplation of Plaintiffs' reliance on them.  Plaintiffs'

allegations regarding fraudulent statements made during the

consummation of their loan fail to state a claim against OneWest,

the assignee that was not present during loan origination.

Under Hawai`i law, the elements of a fraudulent or

intentional misrepresentation claim are: "(1) false

representations made by the defendant; (2) with knowledge of

their falsity (or without knowledge of their truth or falsity);

(3) in contemplation of plaintiff's reliance upon them; and (4)

plaintiff's detrimental reliance."  Miyashiro v. Roehrig,

Roehrig, Wilson & Hara, 122 Hawai`i 461, 482-483, 228 P.3d 341, 362-63 (Ct. App. 2010) (citing Hawaii's Thousand Friends v. Anderson, 70 Haw. 276, 286, 768 P.2d 1293, 1301 (1989)).  In order to support a finding of fraud, the plaintiff must establish these elements by clear and convincing evidence.  See, e.g., Hawaii's Thousand Friends, 70 Haw. at 286, 768 P.2d at 1301 (citation omitted).  Further,

> the false representation forming the basis of a fraud claim "must relate to a past or existing material fact and not the occurrence of a future event."  Joy A. McElroy, M.D., Inc. v. Maryl Group, Inc., 107 Hawai`i 423, 433, 114 P.3d 929, 939 (Ct. App. 2005) (citations and block quote format omitted) (emphasis in original).  Further, even if the allegations satisfy the other elements of a fraud claim, "[f]raud cannot be predicated on statements which are promissory in their nature, or constitute expressions of intention, and *an actionable representation cannot consist of mere broken promises, unfulfilled predictions or expectations, or erroneous conjectures as to future events*[.]"  Id. (citations and block quote format omitted) (emphasis in original).  The exception to this general rule is that "[a] promise relating to future action or conduct will be actionable, however, if the promise was made without the present intent to fulfill the promise."  Id. (citations and block quote format omitted) (emphasis in McElroy).

Stanton v. Bank of Am., N.A., 834 F. Supp. 2d 1061, 1085 (D. Hawai`i 2011).

Plaintiffs make no attempt to show that OneWest had knowledge or notice of the fraud allegedly undertaken by Home Loan.  OneWest is entitled to summary judgment on Count V.

**F.   Counts VI, VII – Civil Conspiracy, Aiding and Abetting**

Plaintiffs' claims for civil conspiracy and aiding and abetting fail without valid underlying claims.  "In general, Hawaii does not recognize independent causes of action for civil conspiracy or aiding and abetting—such theories of potential liability are derivative of other wrongs."  Long v. Deutsche Bank Nat'l Trust Co., Civil No. 10-00359 JMS/KSC, 2011 WL 2650219, at *8 (D. Hawai`i July 5, 2011) (citing Weinberg v. Mauch, 78 Haw. 40, 49, 890 P.2d 277, 286 (1995); Chung v. McCabe Hamilton & Renny Co., 109 Haw. 520, 530, 128 P.3d 833, 843 (2006)).

As to Plaintiff's civil conspiracy claim, this district court has recognized that:

> "'the accepted definition of a conspiracy is a combination of two or more persons [or entities] by concerted action to accomplish a criminal or unlawful purpose, or to accomplish some purpose not in itself criminal or unlawful by criminal or unlawful means.'"  Robert's Haw. Sch. Bus, Inc. v. Laupahoehoe Transp. Co., Inc., 982 P.2d 853, 881 n.28 (Haw. 1999) (quoting Duplex Printing Press Co. v. Deering, 254 U.S. 443, 466 (1921)) (alteration in original). . . .
>
> "A conspiracy is constituted by an agreement . . .  No formal agreement between the parties is essential to the formation of the conspiracy, for the agreement may be shown if there be concert of action, all the parties working together understandingly, with a single design for the accomplishment of a common purpose."  Marino v. United States, 91 F.2d 691, 694 (9th Cir. 1937)[.]

> Stanton v. Bank of Am., N.A., Cv. No. 09-00404 DAE-LEK, 2010 WL 4176375, at *18 (D. Hawai`i Oct. 19, 2010) (some alterations in Stanton).

As to Plaintiff's aiding and abetting claim,
the court in Stanton recognized that:

> Hawai`i courts have not explicitly
> articulated a test for civil aiding and
> abetting. See Unity House, Inc. v. North
> Pacific Inv., Inc., 918 F. Supp. 1384, 1390 &
> n.5 (D. Haw. 1996) ("even assuming there
> existed aiding and abetting liability for
> fraud in Hawaii, Unity House would not
> survive summary judgment on this claim"); see
> also Nakamoto v. Hartley, 758 F. Supp. 1357,
> 1366 (D. Haw. 1991) ("Hawaii courts have
> given no indication that on a fraud claim
> brought under Hawaii common law, a defendant
> may be held liable for aiding and abetting a
> fraud . . . .") (citation omitted). However,
> the court in Television Events & Marketing,
> Inc. v. Amcon Distributing Co., 488 F. Supp.
> 2d 1071 (D. Haw. 2006) rejected an argument
> that these cases supported a contention that
> aiding and abetting a breach of fiduciary
> duty was not a viable cause of action in
> Hawai`i. Id. at 1076-77. . . .

Id. at *14 (some alterations in Stanton).
Further, the court "agree[d] with Television
Events & Marketing, Inc. and f[ound] the weight of
authority in support of a cause of action for
civil aiding and abetting an intentional tort
under Hawai`i law as defined by the Restatement
(Second) of Torts § 876 subsections (b) and (c)."
Id. at *15.

The Restatement (Second) of Torts § 876
states, in pertinent part:

> For harm resulting to a third person from the
> tortious conduct of another, one is subject
> to liability if he
> . . . .
> > (b) knows that the other's conduct
> > constitutes a breach of duty and gives
> > substantial assistance or encouragement
> > to the other so to conduct himself, or
> > (c) gives substantial assistance to the
> > other in accomplishing a tortious result
> > and his own conduct, separately

> considered, constitutes a breach of duty
> to the third person.
>
> The court in <u>Stanton</u> also noted that California
> courts have elaborated on § 876(b) and (c), and
> that Hawai`i courts often look to California
> courts for guidance when there is no Hawai`i
> precedent. Thus, the California courts'
> interpretation of § 876(b) and (c) applied to
> Plaintiff's aiding and abetting claim in this
> case. <u>Stanton</u>, 2010 WL 4176375, at *15.
>
> > As to the first test for aiding and
> > abetting requiring knowledge that the other's
> > alleged conduct constituted a breach of duty,
> > the court in <u>Casey v. U.S. Bank Nat'l Ass'n</u>,
> > 127 Cal. App. 4th 1138, 1144 (2005) found
> > that to satisfy the knowledge prong, the
> > defendant must have "actual knowledge of the
> > specific primary wrong the defendant
> > substantially assisted." <u>Id.</u> at 406; <u>see
> > also</u> <u>Central Bank of Denver, N.A. [v. First
> > Interstate Bank of Denver, N.A.]</u>, 511 U.S.
> > 164 [(1994)] (quoting the Restatement
> > (Second) of Torts § 876(b)).
>
> <u>Id.</u> at *16.
>
> > By definition, a civil conspiracy claim and
> > an aiding and abetting claim require the
> > involvement of more than one person or entity.
> > Count IX and Count X fail insofar as Plaintiff has
> > not identified who Defendant allegedly conspired
> > with or whose actions Defendant aided and abetted.

<u>Hele Ku KB, LLC v. BAC Home Loans Servicing, LP</u>, Civil No.

11-00183 LEK-KSC, 2011 WL 5239744, at *15-16 (D. Hawai`i Oct. 31,

2011). For the same reasons stated in <u>Hele Ku KB, LLC</u>,

Plaintiffs' civil conspiracy and aiding and abetting claims fail.

OneWest is entitled to summary judgment on Counts VI and VII.

### G. **Count VIII - Injunctive Relief**

Courts in this district have routinely recognized that a request for injunctive relief is not a stand-alone cause of action.

> Plaintiff seeks injunctive relief preventing Defendants from further invoking and/or bringing or carrying through with any foreclosure and sale of the subject property. (Compl. ¶ 55.) Here, the Court follows the well-settled rule that a claim for "injunctive relief" standing alone is not a cause of action. See Jensen v. Quality Loan Serv. Corp., F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action"); Henke v. Arcon Midcon, L.L.C., --- F. Supp. 2d ----, 2010 WL 4513301, at * 6 (E.D. Mo. Nov. 2, 2010) ("Injunctive relief, however, is a remedy, not an independent cause of action."); Plan Pros. Inc. v. Zych, 2009 WL 928867, at *2 (D. Neb. Mar. 31, 2009) ("no independent cause of action for injunction exists"); Motely v. Homecomings Fin., LLC, 557 F. Supp. 2d 1005, 1014 (D. Minn. 2008) (same). Plaintiff may receive injunctive relief if he is entitled to such a remedy pursuant to an independent cause of action, but injunctive relief may not stand alone.

White v. Indymac Bank, FSB, No. CV. 09-00571 DAE-KSC, 2011 WL 1483928, at *8 (D. Hawai'i Apr. 18, 2011). OneWest is therefore entitled to summary judgment on Count VIII.

### H. **Count IX and X - Securitization Claims**

This Court has previously held as follows with respect to nearly identical claims regarding improper securitization:

> The Court also rejects Plaintiffs' contention that securitization in general somehow gives rise to a cause of action—Plaintiffs point to no law or provision in the mortgage preventing this practice, and cite to no law indicating that

securitization can be the basis of a cause of
action. Indeed, courts have uniformly rejected
the argument that securitization of a mortgage
loan provides the mortgagor a cause of action.
See Joyner v. Bank of Am. Home Loans, No.
2:09-CV-2406-RCJ-RJJ, 2010 WL 2953969, at *2 (D.
Nev. July 26, 2010) (rejecting breach of contract
claim based on securitization of loan); Haskins v.
Moynihan, No. CV-10-1000-PHX-GMS, 2010 WL 2691562,
at *2 (D. Ariz. July 6, 2010) (rejecting claims
based on securitization because plaintiffs could
point to no law indicating that securitization of
a mortgage is unlawful, and "[p]laintiffs fail to
set forth facts suggesting that Defendants ever
indicated that they would not bundle or sell the
note in conjunction with the sale of
mortgage-backed securities"); Lariviere v. Bank of
N.Y. as Tr., Civ. No. 9-515-P-S, 2010 WL 2399583,
at *4 (D. Me. May 7, 2010) ("Many people in this
country are dissatisfied and upset by [the
securitization] process, but it does not mean that
the [plaintiffs] have stated legally cognizable
claims against these defendants in their amended
complaint."); Upperman v. Deutsche Bank Nat'l
Trust Co., No. 01:10-cv-149, 2010 WL 1610414, at
*3 (E.D. Va. Apr. 16, 2010) (rejecting claims
because they are based on an "erroneous legal
theory that the securitization of a mortgage loan
renders a note and corresponding security interest
unenforceable and unsecured"); Silvas v. GMAC
Mortg., LLC, No. CV-09-265-PHX-GMS, 2009 WL
4573234, at *5 (D. Ariz. Dec. 1, 2009) (rejecting
a claim that a lending institution breached a loan
agreement by securitizing and cross-
collateralizing a borrower's loan). The
overwhelming authority does not support a cause of
action based upon improper securitization.
Accordingly, the Court concludes that Plaintiffs
cannot maintain a claim that "improper
restrictions resulting from securitization leaves
the note and mortgage unenforceable."

Rodenhurst v. Bank of Am., 773 F. Supp. 2d 886, 898-99 (D.

Hawai'i 2011). OneWest is entitled to summary judgment on Counts

IX and X.

# I. **Count XI - Fraudulent Concealment-Equitable Tolling**

As discussed above, Plaintiffs made no effort to present any evidence of fraudulent concealment to support equitable tolling.

> The equitable tolling doctrine preserves other-wise time-barred TILA claims where the Plaintiff's failure to file a timely lawsuit is based on excusable ignorance. King v. California, 784 F.2d 910, 915 (9th Cir. 1986). Fraudulent concealment, also termed "equitable estoppel," tolls the statute of limitations when there is "active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." Guerrero v. Gates, 442 F.3d 697, 706 (9th Cir. 2006) (internal citation and quotation marks omitted). Where equitable tolling is based on fraudulent concealment (i.e., equitable estoppel), the conduct constituting fraudulent concealment must be plead with the particularity required by Federal Rule of Civil Procedure 9(b). Id.; see also Stejic v. Aurora Loan Services, LLC, 2009 WL 4730734, at *4 (D. Ariz. 2009). To meet the pleading standard required by Rule 9(b), a plaintiff "must state the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1393 (9th Cir. 1988) (internal citation omitted).

> . . . .

> The fraudulent concealment claim is also premised on the very same TILA violations for which Plaintiff seeks damages. It is well established that a TILA plaintiff cannot invoke TILA violations to equitably toll claims based on the same violations. See, e.g., Williams v. Saxon Mortg. Services, Inc., 2007 WL 2828752, at *4 (S.D. Ala. 2007) ("Under this prodigious line of precedents, a TILA plaintiff who attempts to avail himself of equitable tolling must establish some fraudulent conduct or concealment other than the

mere nondisclosure in the loan documents that
constitutes the TILA violation itself.").

Angel v. BAC Home Loan Servicing, LP, Civ. No. 10-00240 HG-LEK,
2010 WL 4386775, at *4-5 (D. Hawai'i Oct. 26, 2010) (footnote
omitted).  For these reasons, OneWest is entitled to summary
judgment on Count XI.

        OneWest's Motion for Summary Judgment on the Complaint
is HEREBY GRANTED.

## III. **OneWest's Motion on Counterclaim Complaint**

        It is undisputed that Plaintiffs are in default of
their obligations under the loan documents, and they have
presented no evidence refuting OneWest's showing that it is
entitled to summary judgment on its Counterclaim Complaint.  The
Court finds that OneWest has met its summary judgment evidentiary
burden to establish a prima facie case that it is entitled to
foreclose on the Mortgage.  See Indymac Bank v. Miguel, 117
Hawai'i 506, 520, 184 P.3d 821, 835 (Ct. App. 2008) (explaining
that a foreclosure decree is appropriate where four material
facts have been established: "(1) the existence of the [loan]
Agreement, (2) the terms of the Agreement, (3) default by
[mortgagor] under the terms of the Agreement, and (4) the giving
of the cancellation notice and recordation of an affidavit to
such effect"); see also Haw. Rev. Stat. § 667-1 (providing for
foreclosure by court action); Mann Decl., at ¶¶ 6-9.

Under Hawaii law, foreclosure proceedings are normally bifurcated—and the proceedings in this action are following that normal process. See, e.g., City Bank v. Abad, 106 Haw. 406, 412-13, 105 P.3d 1212, 1218-19 (Haw. App. 2005) ("[F]oreclosure cases are bifurcated into two separately appealable parts: (1) the decree of foreclosure and the order of sale, if the order of sale is incorporated within the decree; and (2) all other orders.") (quoting Sec. Pac. Mortg. Corp. v. Miller, 71 Haw. 65, 70, 783 P.2d 855, 857 (1989)) (other citation omitted).

BNP Paribas VPG Brookline CRE, LLC v. White Sands Estates, LLC, Civil No. 09-00191 JMS-BMK, 2012 WL 984890, at *3-4 (D. Hawai'i Mar. 22, 2012).

Here, the evidence is undisputed that OneWest is entitled to the requested declaratory relief, and an interlocutory decree of foreclosure. OneWest's Motion for Summary Judgment on the Counterclaim Complaint is HEREBY GRANTED.

The Court HEREBY DIRECTS OneWest to provide for the Court's approval and signature an appropriate Foreclosure Decree setting forth the necessary terms and conditions to effectuate the foreclosure process. The parties are to meet and confer in the selection of a proposed foreclosure Commissioner with sufficient experience in the County of Hawai'i. If the parties are unable to agree on a foreclosure Commissioner, each party may propose a foreclosure Commissioner and submit their name and qualifications, and the court will make the final selection

of a foreclosure Commissioner. A proposed Foreclosure
Decree and foreclosure Commissioner should be provided to
the Court by **October 22, 2012**.

**CONCLUSION**

On the basis of the foregoing, Plaintiffs' Motion to
Dismiss, filed April 13, 2012, is DENIED; Defendant's Motion for
Summary Judgment on Complaint, filed April 20, 2012, is GRANTED;
and Defendant's Motion for Summary Judgment on Foreclosure, filed
April 20, 2012, is GRANTED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, SEPTEMBER 30, 2012.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

LINDA MOLINA, ETC., ET AL. V. ONEWEST BANK FSB, ET AL; CIVIL NO.
10-00403 LEK-RLP; ORDER DENYING PLAINTIFFS' MOTION TO DISMISS
COUNTERCLAIM COMPLAINT [DKT. NO. 48]; GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT RE: COMPLAINT [DKT. NO. 50]; AND GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON ITS COUNTERCLAIM FOR
FORECLOSURE AND FOR INTERLOCUTORY DECREE OF FORECLOSURE [DKT. NO.
561]